Charles D. SPEAKE, Plaintiff,

v.

Hans V. TOFTE et al., Defendants.

Civ. A. No. 1942–67.

United States District Court,
District of Columbia.

June 1, 1971.

Walter E. Dillon, Jr., Washington, D. C., for plaintiff.

John J. O'Neill, Jr., Washington, D. C., for defendant Mollenhoff.

Milo G. Coerper, Washington, D. C., for defendant Metromedia, Inc.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This case is one for damages for libel and slander and this matter is before the Court on the motion of defendants Mollenhoff and Metromedia for Summary Judgment, the Court having considered the memoranda of points and authorities in support thereof and in opposition thereto as well as the oral argument of counsel.

It is the principal contention of these defendants that what plaintiff contends was libelous was protected by the First Amendment under the rule of New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), because plaintiff was a public figure about whom there was genuine public concern and plaintiff has not established the "actual malice" required for recovery. It is the conclusion of this Court that the Motion for Summary Judgment should be granted as to the defendant Mollenhoff and denied as to the defendant Metromedia.

On July 23, 1966, a Central Intelligence Agency (CIA) employee, Mr. Kenneth Slocum and his wife, visited the home of defendant Tofte which had been advertised for sale or rent, and, while viewing the premises, discovered classified CIA documents, which Tofte, who was at that time employed by the CIA, had improperly brought home. A report was made to CIA security officers and the next day the Slocums and plaintiff

Speake, a CIA security officer, returned to Tofte's house and seized the documents. That day, July 24, 1966, after plaintiff had gone, Mrs. Tofte discovered that some of her jewels were missing and, on the following day, July 25, 1966, told her husband who then told the CIA. Tofte eventually reported the jewel loss to the Metropolitan Police on the following Saturday, July 30, 1966. On Sunday, July 31, 1966, Mollenhoff interviewed Tofte, and on August 2, 1966, after a check with the Metropolitan Police, Mollenhoff published the first of a series of news stories relating the seizure of the documents and the jewel loss. These news stories form the basis of Speake's complaint against Mollenhoff.

In September of 1966, a reporter for Metromedia's television station, WTTG, interviewed Tofte about the incident and this interview was then broadcasted in four separate parts on October 4, 5, 6, and 7, 1966. These broadcasts covered the document seizure and the jewel loss, but, although the coverage of the jewel loss was concentrated in the October 5th broadcast, the fact that plaintiff had taken a lie detector test about the jewel disappearance and on that basis was cleared, was not broadcast until the final program, October 7, 1966. The October 4, 5, 6, 1966 broadcasts form the basis of plaintiff's complaint against Metromedia.

■ It is the conclusion of this Court that plaintiff and the matter reported by Mollenhoff and Metromedia were matters of genuine public concern. Plaintiff was a security officer for the Central Intelligence Agency, a public funded agency in charge of national security. Plaintiff was an official of a highly sensitive and important organization and, that he was being linked with criminal conduct while in the course of his official duty, was something that the press should report without the fear of a severe defamation judgment. The case against Mollenhoff and Metromedia falls within the purview of the *New York Times* case and its progeny.

■ To overcome the protection afforded the press by the First Amendment plaintiff would have to show that Mollenhoff's and Metromedia's reports were defamatory falsehoods published "with 'actual malice'—that is, with knowledge that [they were] false or with reckless disregard of whether [they were] false or not." New York Times v. Sullivan, 376 U.S. 254, 280, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964). Plaintiff cannot prove that Mollenhoff knew that the story he was reporting and its implications were false nor can he prove a reckless disregard of whether it was false or not. The record indicates that Mollenhoff received his information from what a reasonable man would consider a reliable source, a CIA agent, Hans Tofte; and this information was corroborated as much as was possible at that time by a press release from the CIA and a check with the Metropolitan Police. He had checked the story and published it when it was still "hot news." The record is clear there was no knowledge on any one's part at that time that the story was false and it is likewise clear that Mollenhoff was not reckless.

■ Metromedia, however, broadcasted its story well over a month after the incident. At the time of its broadcast, Metromedia knew that plaintiff had been cleared by the lie detector test, but did not broadcast that fact until its last program. Based upon the record before the Court, it is possible that the plaintiff may well be able to prove, to the satisfaction of a jury, that Metromedia did publish a defamatory falsehood with "actual malice" in that it did broadcast three separate parts of an interview linking the CIA agents who seized the documents and whose names had already been published elsewhere with the jewel loss without noting that these agents had been cleared. From this a jury could find that Metromedia published a defamatory falsehood on October 4, 5, 6, 1966, knowing that it was false or recklessly disregarding whether it was false or not. It remains to be seen why it

did, but this Court is satisfied that this is not a case for Summary Judgment as to Metromedia.

It is therefore, by the Court this 28th day of May, 1971,

Ordered, that the Motion for Summary Judgment of the defendant Clark R. Mollenhoff be and hereby is granted; and it is

Further ordered, that the Motion for Summary Judgment of defendant Metromedia, Inc., be and hereby is denied.